UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MILAN KJALASAN,
Plaintiff,

v.

UNITED STATES GOVERNMENT, et al.,
Defendants.

Case No. 26-cv-08418-JCS

**ORDER TO SHOW CAUSE AND DENYING MOTION TO RELATE CASES**

Re: Dkt. Nos. 1, 5, 10-18

## I. INTRODUCTION

Plaintiff, who is representing himself without the assistance of counsel, applied to proceed in forma pauperis and the Court granted his application. *See* Docket No. 6. The Court therefore must review the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff is further ordered to show cause why his nine motions to supplement his complaint should not be denied for the same reason. Plaintiff may file either an amended complaint or a response to this order addressing why his complaint is sufficient, no later than **November 4, 2026**. The Case Management Conference set for November 18, 2026 is vacated.

## II. BACKGROUND

Plaintiff initiated this action on August 13, 2026.[1] In his complaint, Plaintiff seeks one

[1] On the same date, Plaintiff filed another complaint, also assigned to the undersigned magistrate judge, naming Donald Trump, Kash Patel, and Kirstjen Nielsen as defendants. *See* Case No. 26-8419 JCS ("8419 Case"), Complaint. In both cases, Plaintiff has filed a motion to relate the two cases, which the Court DENIES without prejudice because the 8419 Case is asserted against different defendants and appears to focus on alleged thefts of intellectual property, which are not the focus of the allegations in the instant action.

United States District Court
Northern District of California

billion dollars from the "governments and corporations responsible for [Plaintiff's] suffering." Compl. at ECF p. 6. With respect to the defendants he has named,[2] Plaintiff states:

> I am not talking about any specific Member or Leadership of any specific Governmental Administration, Agency, or Corporation, but about any of their Corrupt Segments involved in the Organized Crime of Socially-Political Engineering based upon Oligarchic type of Operating spanning the periods 1984 - 2009 and 2010 - 2026; are Technically Responsible for my Emotional and Physical Destruction suffered in period of 26 years abroad and 16 Years in the United States (2 in the United States Military Bases in Afghanistan and 14 in America), some of them being directly (through their Operative Activities) while others indirectly (through their Passivity) responsible for causing of my Physical Disability and Collateral Damage resulting with loss of my 1st Wife Radica, Grandmother Natalija, Father Milosav, Mother Slavica, Uncle Sava, Uncle Mihajlo, Auntie Milenija, Auntie Zivana, Relative Ilija, Relative Rada, Relative Blagoja, Relative Mirko, Neighbor Radica, Neighbor Ivan, Neighbor Blazo, Friend Bobi, Friend Grace, Friend Dzingo, Friend Dzinche, and several dozens of other Relatives, Friends, and People I liked or they liked me while I was threatened for them by the Undercover Staff and through the Cyber Means of the Agencies managing their Biochemical Sickening and Timed Killing pursuing either Information Extortion either Intimidation of me, which Criminal Process was supported by the Undercover Activities of the American and Foreign Corporations, Non-Governmental Organizations, and Communities engaged as support to the activities processed against me and every other Victim of Socially-Political Engineering.

*Id.* at ECF p. 5.

Plaintiff seeks a jury trial "to be [run] by a Competent and Politically Independent Judge that should Unbiasedly Handle this Sophisticated Federal and International Case exposing the Implications and Incriminations of so many Members of all American Political Sides, as well [as]

[2] In the caption of his complaint, Plaintiff names the following defendants: 1) United States Government; 2) United States Intelligence Community; 3) Central Intelligence Agency; 4) Department of Homeland Security; 5) Federal Bureau of Investigation; 6) China State Security Yidongyuan No. 100 Xiyuan in the Haidian District of Beijing; 7) Government of Germany; 8) Government of Egypt; 9) Government of the Republic of North Macedonia; 10) Government of Serbia; 11) Government of the Republic of Croatio; 12) Government of Montenegro; 13) Government of the Republic of Slovenia; 14) INTERPOL; 15) Ministry of Interior (Serbia); 16) Ministry of Interior Kocani; 17) United States District Court for the District of Nevada; 18) Federal Court of the District of Hawaii; 19) European Broadcasting Union; 20) World Health Organization; 21) Centers for Disease Control and Prevention; 22) Microsoft Corporation; 23) Apple Corporation; 24) Google Corporation; 25) The Undercover Staff of the Floridian, Nevada Texan, Utah's, Vermont's, Hawaiian, and every other State involved in Deadly Messaging of Socially-Politically Targeted Individuals.

those of several other Nations attached to this Domestically Organized and Internationally Supported Intelligence-Based Crime managed by the Corrupted Segment of the United States Intelligence and its Domestic and Foreign Partners forming the American and International Oligarchy engineering the COVID-19 and all other National and Global Projects damaging the American and Global Population for the Purpose of these Entities' Financial Enriching." *Id.* at ECF pp. 6-7. On the face page of the Complaint, Plaintiff lists "Supportive Documents Found Online" – apparently thousands of pages of documents.

On August 26, 2026, Plaintiff filed a motion to extend his complaint. Dkt. no. 10 ("First Motion to Extend"). This motion names the same defendants in the caption and contains several pages of additional allegations. In one heading, Plaintiff refers to an "upgrade" of his complaint. *Id.* at ECF p. 5.

On August 28, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 11 ("Second Motion to Extend"). This motion names the same defendants in the caption and contains several pages of additional allegations.

On September 2, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 12 ("Third Motion to Extend"). This motion names the same defendants in the caption and contains fifteen pages of additional allegations.

On September 10, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 13 ("Fourth Motion to Extend"). This motion names the same defendants in the caption and contains over 90 pages of additional allegations, along with pictures of dead birds that Plaintiff alleges have been placed in his path by "Undercover People" to intimidate him. *See, e.g., id.* at ECF p. 5.

On September 18, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 14 ("Fifth Motion to Extend"). This motion names the same defendants in the caption and contains approximately 75 pages of additional allegations, as well as photographs of various locations in San Francisco. Plaintiff describes the photographs as follows:

> . . . I decided to expose some of the Photos of Today's Business and Community Events I assessed either as Unaware (Abusively Triggered) Community Celebrations of Ms. Kristen Nielsen's Suffering of the Biochemical Attack for which I was Threatened either as Well-Contemplated Constructions abusing Good while

United States District Court
Northern District of California

> utilizing Bad People I discerned as such through Properly Performed Observation and Analyzing of their Awareness and Behavior clearing them either as Abused either as Corrupt Entities needing Official Explanation explaining why these Public Events were Timed to happen using this Exact Timing used to provoke me[.]

*Id.* at ECF p. 5-6.

On September 21, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 15 ("Sixth Motion to Extend"). This motion names the same defendants in the caption and contains approximately 18 pages of additional allegations. One heading describes this document as "Few Words About What Needs to be Elaborated in Depth as Part of the Advanced Intelligence-Based Activities and Communications Pertaining to the Matters Of Dispute." *Id.* at ECF p. 5.

On September 28, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 16 ("Seventh Motion to Extend"). This document contains approximately 45 pages of exhibits "Documenting and Alerting of the Engineering of the Covid-19 Pandemic Project." On the same date, Plaintiff filed another request to extend his complaint. Dkt. no. 17 ("Eighth Motion to Extend"). This 23-page document includes a lengthy description of events in Plaintiff's life dating back to 1995.

On October 5, 2026, Plaintiff filed another motion to extend his complaint. Dkt. no. 18 ("Ninth Motion to Extend"). This document contains approximately 33 pages of additional allegations describing the "HUMINT and SIGINT Products" Plaintiff plans to introduce as evidence in this case.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be

dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Discussion**

Plaintiff's complaint does not comply with Rule 8. His wide-ranging allegations do not identify any particular claims or point to the specific conduct of the 25 defendants that he contends

supports his claims. As a result, the Court is unable to discern any cognizable claims in his Complaint. Nor do the voluminous allegations Plaintiff seeks to add to his complaint remedy this defect as he still does not identify any specific claims or delineate the conduct on the part of the named defendants that purportedly supports them.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed on the basis that he has stated no cognizable claims. Plaintiff may respond by filing either an amended complaint that comports with the requirements of Rule 8 or a response that addresses why his current complaint is sufficient. Plaintiff's response shall be filed by November 4, 2026. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue. Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: October 13, 2026

JOSEPH C. SPERO
United States Magistrate Judge